IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of<br><br>The Complaint of HEALY TIBBITTS BUILDERS, INC., as owner pro hac vice of WEEKS 544, O.N. 520935, for Exoneration from or Limitation of Liability.<br>_____<br><br>In the Matter of<br><br>The Complaint and Petition of the United States of America in a Cause for Exoneration from or Limitation of Liability with Respect to Navy Barge YCV-23 Re the Incident Involving Mooring Buoy in Pearl Harbor on December 10, 2014. | Civ. No. 15-00520 JMS-KJM<br>Civ. No. 16-00156 JMS-KJM<br>(CONSOLIDATED CASES)<br><br>ORDER DENYING THIRD-PARTY DEFENDANT OWL INTERNATIONAL, INC., DBA GLOBAL'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, ECF NO. 160 |

**ORDER DENYING THIRD-PARTY DEFENDANT OWL INTERNATIONAL, INC., DBA GLOBAL'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, ECF NO. 160**

**I. INTRODUCTION**

These consolidated admiralty limitation-of-liability Petitions brought under 46 U.S.C. §§ 30501-30512 arise from a December 10, 2014 incident at Pearl Harbor, where two persons were killed and several others allegedly were seriously

1

injured.  Third-Party Defendant Owl International, Inc., dba Global Government Services ("Global") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Third-Party Complaint filed by Truston Technologies, Inc. ("Truston").  ECF No. 160 (the "Motion").[1]

Because Global relies on evidence in making its arguments, the court exercises its discretion to consider that evidence, and thus construes the Motion as one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

So construed, the Motion is DENIED because genuine issues of material fact exist as to Global's actions that are alleged to have caused or contributed to the December 10, 2014 incident.  *See, e.g.*, *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 631 (9th Cir. 1987) ("[I]f a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied.") (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## II.  **BACKGROUND**

The court briefly sets forth the basic background to provide context for the Motion only -- this section does not explain all the allegations in the

---

[1] Although these are consolidated cases, docket references are to Civ. No. 15-00520 JMS-KJM.

Petitions, or attempt to present a comprehensive discussion of the facts alleged in the underlying actions.[2] In so doing, the court accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in favor of the nonmoving parties. *See, e.g.*, *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (setting forth Rule 12(b)(6) standard); *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (reiterating Rule 56 standards).

The actions arise from a December 10, 2014 incident in Pearl Harbor. The U.S. Navy had contracted with Truston to upgrade moorings or certain mooring structures, and Truston in turn subcontracted with Healy Tibbitts Builders, Inc. ("Healy Tibbitts") for some of the work. Pet. at 3, ECF No. 1. During the incident, mooring buoy D-8-H was lifted by a crane aboard the Barge/Vessel "Weeks 544," owned by Healy Tibbitts. *Id.* at 4. The buoy was suspended above deck of an adjacent "YCV Barge," owned by the Navy. *Id.* As alleged, "[w]hile the buoy was suspended above the deck, workers began connecting a large concrete sinker block, which was on the deck of the YCV barge,

---

[2] Four different cases are at issue: *In re Complaint of Healy Tibbitts Builders, Inc.*, Civ. No. 15-00520 JMS-KJM; *Saragosa, et al. v. Truston Technologies, et al.*, Civ. No. 15-00534 JMS-KJM; *Makua III, et al. v. Truston Technologies, et al.*, Civ. No. 15-00540 JMS-KJM; and *In re Complaint and Petition of the United States of America re Navy Barge YCV-23*, Civ. No. 16-00156 JMS-KJM. Additionally, a related declaratory relief action was recently transferred to this District from the Eastern District of Virginia: *Truston Technologies v. Healy Tibbitts Builders, Inc. et al.*, Civ. No. 17-00152 JMS-KJM.

to the buoy's anchor chain." *Id.* "Before the connection could be completed, the capture plate on at the top of the buoy failed, causing the buoy to slide down the anchor chain to the concrete sinker block." *Id.* Two Healy Tibbitts workers (Justin Saragosa and Joefrey Andrada) were killed, and at least three others (David Makua III, Cesario Gaspar, and Willie Antonio) were seriously injured.

Complaints were filed against Truston, Healy Tibbitts, Weeks Marine Inc., and the Vessel Weeks 544. Healy Tibbitts then filed a limitation of liability petition under 46 U.S.C. §§ 30501-30512, wherein claims were made by (1) Saragosa and Andrada (or by their estates and family members) (the "Saragosa/Andrada Plaintiffs"); (2) Makua, Gaspar and Antonio (collectively, the "Makua Plaintiffs"); and (3) Truston. ECF Nos. 13-15, 17, 26. In turn, Truston filed a Third-Party Complaint sounding in contribution/indemnity and joint/several liability against both the United States and Global. (The United States then filed its own limitation petition, in which the same parties filed claims, and the two Petitions were consolidated.)

Truston's Third-Party Complaint alleges that an Occupational Safety and Health Administration ("OSHA") investigation revealed that the flange or capture plate on buoy D-8-H was corroded, with most of the bolts having "rusted completely away." Third-Party Compl. ¶¶ 23, 24, ECF No. 119. It further alleges

that "Global was responsible to inspect and maintain the buoy and failed to do so." *Id.* ¶ 26. And it alleges, on information and belief, that "Global painted over the corroded bolts, capture plate, and flange plate instead of properly maintaining the same." *Id.* at ¶ 27.

Count II (against Global) of the Third-Party Complaint alleges that "Global is a civilian contractor whose responsibility it was to maintain equipment at NISMO [Naval Inactive Ships Maintenance Office] Pearl Harbor, including the subject buoy." *Id.* at ¶ 36. It repeats, "[o]n information and belief, Global painted over corrosion on the buoy, including but not limited to, painting over the corroded bolts, capture plate, and flange plate." *Id.* ¶ 37. "Global had a duty to maintain the buoy and its flange plates, flange plate bolts and/or capture plate." *Id.* ¶ 38. "Global breached its duty and actively covered over and hid corrosion on the subject buoy." *Id.* ¶ 39. "Global's breach of its duty is a legal cause of the accident and injuries/death of Healy Tibbitts employees." *Id.* ¶ 40.

Count III (against both the United States and Global) of the Third-Party Complaint is based on failure to warn. As to Global, it alleges that "USA and Global had a duty to warn Truston about the risk posed by the Navy property in Pearl Harbor." *Id.* ¶ 44. "The failure to warn Truston of such a known defect by both Third-Party Defendants was the legal cause of the accident." *Id.* ¶ 45.

Global's Motion seeks to dismiss the Third-Party Complaint. The Motion was heard on June 13, 2017, where the court gave its oral ruling. This Order explains that ruling in more detail.

### III. DISCUSSION

Global's Motion to Dismiss under Rule 12(b)(6) is based on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), arguing that the Third-Party Complaint fails to allege sufficient facts that establish Global's duty. ECF No. 160-1 at 8. It argues that Global does not own the buoy, that Truston (not Global) had a duty to "maintain" the buoy, and that (assuming Global's alleged duty was based on Global's contract with the Navy) Global's contract did not require Global to "maintain" the buoy.

Global's Motion, however, attaches evidence outside of the pleadings -- a declaration from a Global Vice President attesting that "GLOBAL is not required to independently maintain the buoys," Marginean Decl. ¶ 6, ECF No. 160-3; and Global's contract with the Navy, ECF No. 160-4, purportedly indicating that Global was not required to "maintain" the buoy. In this regard, Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." And *Hamilton Materials*

explains that the court has "discretion to accept and consider extrinsic materials offered in connection with [a motion to dismiss], and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings." 494 F.3d at 1207.

Applied here -- although Rule 12(d) gives the court discretion to exclude Global's evidence in addressing the Motion -- it is more appropriate and efficient to convert the Motion to a Rule 56 motion for summary judgment. Global certainly had notice that this was possible (and Global's counsel at the hearing agreed that such treatment is appropriate). Indeed, "a represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment." *Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (quoting *San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 477 (9th Cir. 1998) (internal quotation marks omitted)).

So construed, Truston responds to the Motion by pointing out that Rule 14(c)(2)[3] regarding admiralty claims applies, and requires Third-Party

---

[3] Rule 14(c), entitled "Admiralty or Maritime Claim," provides:

(continued . . . )

Defendant Global to be responsive not only to Truston's indemnity/joint liability claims, but also to claims of both the Saragosa/Andrada Plaintiffs and the Makua Plaintiffs.

Truston responds on the merits with ample evidence creating a genuine issue of material fact as to Global's alleged actions and duties. *See* ECF No. 213 at 3-14 (and exhibits attached thereto). For example, the evidence specifically indicates that the Navy contracted with Global to "*inter alia*, inspect, repair and refurbish the hawespipe buoys at NISMO." ECF No. 213-2 at 8. It indicates that Global actually inspected Buoy D-8-H. ECF No. 213-3 at 5. There is deposition testimony from an OSHA inspector that the weld on the relevant flange had corroded and was painted after the corrosion occurred. ECF No. 213 at 9 (citing testimony). At minimum, there is a question of fact as to whether

---

(. . . continued)
       (1) Scope of Impleader. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable -- either to the plaintiff or to the third-party plaintiff -- for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

       (2) Defending Against a Demand for Judgment for the Plaintiff. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. *In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.*

(Emphasis added).

Global's duties include "maintaining" the buoys. That is, the court is not persuaded by Global's attempt to cabin its admitted duty to "inspect, repair and refurbish" as not including a duty to "maintain" buoys. Moreover, as discussed at the hearing, there are also questions of fact regarding the adequacy of Global's *inspection* of the buoys -- Global argues that its report of its inspection (some three-months before the December 2014 incident) of buoy D-8-H found that the buoy was in "fair" condition, with the capture plate being in "good" condition. ECF No. 213-4 at 8. If the incident was caused, at least in part, by a failure of that capture plate (which was corroded with missing bolts), there is a genuine issue of material fact as to whether the inspection itself was proper.[4]

///
///
///
///
///
///

---

[4] The court recognizes that discovery is ongoing, and that the court has a limited view of the evidence regarding potential causes of the incident. There may well be other evidence that might put the report of the buoy inspections in a different light. And so, future dispositive motions, even on this issue, are not precluded. But at this point in the proceedings, Global has not met its burden to demonstrate that summary judgment should be granted in its favor.

## IV. CONCLUSION

Construing the evidence in the light most favorable to the non-moving parties, summary judgment is inappropriate. Third-Party Defendant Owl International, Inc., dba Global's Motion to Dismiss the Third-Party Complaint, ECF No. 160, is DENIED.

IT IS SO ORDERED.

DATED, Honolulu, Hawaii, June 15, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*In re Complaint of Healy Tibbitts Builders, Inc.,* Civ. No. 15-00520 JMS-KSC; *In re Complaint and Petition of the United States of America in a Cause for Exoneration from or Limitation of Liability re Navy Barge YCV-23*, Civ. No. 16-00156 JMS-KSC, Order Denying Third-Party Defendant Owl International, Inc., dba Global's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 160.